**T. Potter ALGER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16964.**

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1958.

Walter C. Wolff, Jr., San Antonio, Tex., for appellant.

Samuel D. Slade, Bernard Cedarbaum, Attys., Dept. of Justice, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment by the trial court based on a motion for summary judgment in favor of the United States in an action to recover meat subsidy payments made to the appellant during the years 1943–1945.

Appellant presents two contentions attacking the judgment of the trial court: (1) the action was barred by the Texas two years or four years statute of limitations, Vernon's Ann.Civ.St. arts. 5526, 5529; (2) there was a substantial issue of fact as to whether the government's claim against appellant had been settled, thus making unavailable to the United States the motion for summary judgment.

The first contention must be disposed of summarily by us because it is directly and authoritatively ruled by our decision in United States v. Borin, 5 Cir., 209 F.2d 145. Appellant recognizes that this question has been foreclosed by that case, but again urges it here, hoping for a reversal. We think that decision was right and we follow it here.

The second contention is that, admitting for the purpose of this appeal that appellant cannot attack the validity of the "order" of the R.F.C. upon which the government's suit was based,[1] appellant nevertheless sought to show by his plead-

---

[1] Appellant recognizes that the time for appealing such order has long since expired and that therefore its validity may not be attacked by appeal to the Emergency Court of Appeals.

ing and affidavit that the order had been revoked and that the claim created by it had been cancelled or settled by the United States. Assuming that the pleadings and affidavits before the court at the time it passed upon the motion for summary judgment showed facts which, if believed, would support this defense, of course, the court could not appropriately dispose of the litigation by entering summary judgment for the government.

Rule 56(e), Fed.Rules Civ.Proc., 28 U.S.C.A. provides:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

The only affidavit tendered by the appellant was made by an accountant, J. E. Doyle, and contained the following as respects his contention that the claim had been settled:

"I represented the said defendant, T. Potter Alger in his business with the Reconstruction Finance Corporation and other agencies of the United States government concerning the meat subsidy program. Upon receipt of a letter dated December 17, 1947, by the said T. Potter Alger, at Crystal City, Texas, concerning the meat subsidy program,[2] such letter was delivered to me almost immediately after receipt of same and I immediately answered the same and thereafter carried on a voluminous correspondence concerning the subject matter of such letter and *Subsequently settled this dispute concerning this claim in the local office* of the Defense Supply Corporation and the Reconstruction Finance Corporation, and *was told that such matter had been satisfactorily settled and the files thereon closed, and that said defendant, T. Potter Alger, owed the government*

*nothing* because of such claim and I thereupon and thereafter notified the said defendant, T. Potter Alger, that such matter had been finally closed." (Emphasis supplied.)

The inadequacies of this affidavit under the standard established by Rule 56(e) are too glaring to require much discussion. Doyle's statement, first italicized above, that he "subsequently settled this dispute * * * in the local office" is either irrelevant as not amounting to a statement that he had settled the dispute *with* the United States government at all or is inadmissible as a conclusion as to his opinion of the effect of certain negotiations with unnamed persons in the "local office." In neither event is this the statement of a "fact" that would be admissible in evidence. The second italicized portion of the affidavit violates the rule that the affidavit be made on the personal knowledge of the affiant. It merely says that Doyle "was told [by some unnamed party] that such matter had been satisfactorily settled, and the files thereon closed and that said defendant * * * owed the government nothing because of such claim." Such hearsay evidence does not, of course, meet the requirements of the rule.

Ample opportunity was given by the trial court to appellant to bolster its affidavits in opposition. The court first denied the government's motion and later granted it only after an amendment was filed and after the government filed a new motion and the appellant renewed its objection and expressly adopted the prior affidavit without attempting either to obtain an affidavit meeting the requirements of Rule 56(e) or to obtain a continuance under Rule 56(f) to obtain depositions or other affidavits not then available to him.

Under the circumstances we think the trial court could conclude that there was no evidence available to appellant to support his contention of settle-

2. This letter is the "order" establishing the Government's claim for refund of the subsidies.

<br>522

ment of the claim other than the inadmissible evidence contained in the Doyle affidavit, and that there could therefore be no profit in delaying disposition of the matter to have Doyle take the witness stand and have his proferred testimony ruled out by the trial court. As we said in Surkin v. Charteris, 5 Cir., 197 F.2d 77, 79:

> " * * * although the burden is on the moving party to demonstrate clearly that there is no genuine issue of fact, the opposing party must sufficiently disclose what the evidence will be to show that there is a genuine issue of fact to be tried."

The judgment is affirmed.

CAMERON, Circuit Judge, concurs in the result.