UNIVERSAL FILM EXCHANGES, INC.,
Plaintiff,

v.

WALTER READE, INC., Defendant.

United States District Court
S. D. New York.
March 18, 1965.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiff; Paul Martinson, George Berger, New York City, of counsel.

William Gold, New York City, for defendant; Norman Friedman, New York City, of counsel.

LEVET, District Judge.

■ Defendant's counsel in submitting opposition papers, upon this motion, has followed what I believe to be an inherently unsound practice of mingling in his affidavit alleged facts, comment, in-ference, argument and explanation. Judge John R. Brown in Inglett & Company, Inc. v. Everglades Fertilizer Company, Inc., 255 F.2d 342, 349–350 (5 Cir. 1958) states that he doubted if the disposition of a case on summary judgment (in that instance, a patent case) "is furthered by counsel being the personal vehicle by which the 'undisputed' facts are put before the Court." He went on to say: "We consider it a tribute to the high calling of advocacy to say that we think it an unnatural, if not virtually impossible, task for counsel * * * to drop his garments of advocacy and take on the somber garb of an objective fact-stater. * * * we doubt that it is conducive to the orderly administration of justice for counsel to become the voice on summary judgment." As Judge Brown pointedly said: "* * * if the 'facts' are really facts, they should be put forward as such without interstitial argumentation." Id. at 349. See also Mercantile Nat. Bank at Dallas v. Franklin Life Ins. Co., 248 F.2d 57, 59 (5 Cir. 1957); Porter v. American Tobacco Co., 7 F.R.D. 106, 107 (S.D.N.Y.1946).

Rule 56 of the Federal Rules of Civil Procedure, Summary Judgment, subdivision (e), Form of Affidavits, is clear in its requirements. It provides in part as follows: "Supporting and opposing affidavits shall be made on personal knowledge, *shall* set forth such *facts* as would be *admissible* in *evidence,* and *shall* show affirmatively that the *affiant* is *competent* to testify to the matters stated therein." (Emphasis inserted)

■ Affidavits must present evidence which is admissible and must not only be made on the personal knowledge of the affiant but must show that he possesses the knowledge asserted. Zampos v. United States Smelting, Refining & Min. Co., 206 F.2d 171, 174 (10 Cir. 1953). It is the policy of Rule 56(e) to allow the affidavit to contain evidentiary matter which, if the affiant were in

court, would be admissible as a part of his testimony. American Securit Company v. Hamilton Glass Company, 254 F. 2d 889, 893 (7 Cir. 1958), citing 6 Moore's Federal Practice 2331.

■ In this case, the attorney for the defendant has submitted an "Affidavit in Opposition to Plaintiff's Motion under Rule 56, for Summary Judgment," which is 40 printed pages in length and contains a mixture of argument, inference and surmise, in the midst of which, but completely unsegregated, *may be facts.* It is true that defendant appends an affidavit of Sheldon Gunsberg, its Vice President, in which he states that he has read the affidavit of William Gold "which is to be submitted in opposition to this motion and *confirm* the facts and events referred to therein." Although Gunsberg avers certain knowledge of the facts, this court is unable, by reading the attorney's affidavit, to determine what the facts may be. Furthermore, I know of no reason why the court should be compelled to do the sifting and unscrambling which would be required to ascertain the facts in view of the plain command in Rule 56.

■ Here we have an action on a written contract, with various defenses. The defendant should produce whatever affidavits of fact may be obtained from those having personal knowledge. These affiants should also show that they are competent to testify to the matters stated. It is also reasonable to require that such facts be arranged and stated in some logical and orderly relationship to the defenses not heretofore stricken and to which they may relate.

Accordingly, the defendant is directed to comply with the foregoing by serving and filing any affidavits of fact relevant to these defenses on or before March 26, 1965 at 3:00 P.M.

So ordered.