VIRGINIA DAUGHERTY, APPELLANT, *v.* WABASH LIFE INSURANCE COMPANY, RESPONDENT.

No. 6268

January 28, 1971                    482 P.2d 814

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Parraguirre, Rose, Pico & Norwood, Ltd.* and *Keith Edwards,* of Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Appellant Virginia Daugherty, whose Complaint in the lower court alleged her to be the owner of a $1,000 policy issued by respondent Wabash Life Insurance Company on the life of one Charlie Brown, deceased, has appealed to this Court from an Order granting a Motion for Summary Judgment, made by respondent pursuant to NRCP 56. We have determined that the granting of summary judgment was erroneous, because the unverified pleadings raised issues of material fact that were not concluded either by admissions made under the provisions of NRCP 36, or by the affidavit of one Ken H.

Bryant, filed in ostensible support of the Motion for Summary Judgment.[1]

Appellant's Complaint named as defendants both respondent and its agent, Squires. Respondent's Answer denied paragraph I of that Complaint: "That she is the owner, and has been for many years past, of the Wabash Life Insurance Company policy issued upon the life of one Charlie Brown, the insured." Respondent also denied paragraph II: "That pursuant to said policy, premiums were paid upon the said policy, which was kept in full force and effect, and the Defendants received the premiums." Respondent admitted paragraph III: "That on June 24, 1969, the insured, Charlie Brown, died in the State of Arizona, and a copy of the death certificate and demand for payment of the face value of the insurance policy was duly made upon the Defendants who refused to honor the demand." Paragraph IV, alleging that "the insurance policy was in the sum of $1,000.00," respondent answered by saying: ". . . this Defendant denies that there was any insurance for any amount."

Obviously, these pleadings suggested a number of possible areas of factual dispute regarding the issuance of a policy, the payment or tender of premiums reserved, lapse and notice of lapse, reinstatement rights, and the like. Later discovery efforts of the parties establish that they were indeed addressing themselves to certain of these factual concerns, all pivoting on the terms of the policy in question. For example, in response to Interrogatory 8 of appellant's first set of Interrogatories, asking the basis of respondent's denial "that there was any insurance policy for any amount," respondent cryptically stated: "The insured failed to make the proper premium payment and the policy thereby lapsed. The insured was duly notified that the policy had lapsed and provided with an application for reinstatement of the policy, however, no steps were ever taken to reinstate the policy." Asked by a subsequently filed Interrogatory to state on what it relied in asserting that the policy had lapsed, respondent "answered": "See answer to Interrogatory 8, first set of Interrogatories." Respondent's answers to other interrogatories, and particularly one seeking important information concerning payments to respondent or its agent, Squires, were equally uninformative.

While meeting and defeating appellant's attempts at discovery in this and similar fashion, respondent served a Request for Admissions, allowing ten days for answers in accordance

---

[1]NRCP 56 and 36, Nevada Rules of Civil Procedure mentioned in this Opinion, are patterned after the Federal Rules of Civil Procedure.

with NRCP 36, and requesting appellant to admit ultimate facts involving interpretation of the policy in question, i.e.: (1) That premiums were to be paid on a "monthly basis"; (2) that premiums were "due" on the third day of each month; (3) that the premium for December, 1968, was not paid "within the allotted time"; (4) that "the insured was sent an application for reinstatment"; (5) that "no [sic] application was never [sic] returned to Wabash Life Insurance Company"; (6) that all premiums tendered after November, 1968, "were rejected and returned to the payor"; (7) that the insured was "timely notified" his policy had lapsed; and (8) that the beneficiary was "timely notified" of lapse.[2] Appellant's Answers to Request for Admissions, which were tardily filed, admitted respondent's request No. 1; denied request No. 2 for lack of information because respondent "has refused to supply the documents requested in connection with this"; denied request Nos. 3, 7 and 8 without qualification; as to No. 4, admitted only that a purported application for reinstatement had been sent by respondent; as to No. 5, asserted that the request was "not proper," a response similar to certain of the answers respondent had made to appellant's Interrogatories; and denied request No. 6 for want of information.

As noted, the discovery procedures just reviewed indicate generally the factual disputes to which the parties were addressing themselves, and which manifestly were implicit in the pleadings. It is further to be noted that if appellant's tardy Answers to Request for Admissions were received by the lower court, these procedures resolved virtually none of the disputes to which they were directed.

Before appellant's tardy Answers to Request for Admissions were filed, respondent filed its Motion for Summary Judgment. Acrimonious disputes ensued between counsel and a judge of the lower court, concerning efforts by appellant's attorney to have a motion for production of documents heard prior to any hearing of respondent's Motion for Summary

---

[2] The insurance policy and other documents referred to in this Request for Admissions were not, and are not, in the record. Asked by Interrogatory to state whether an apparent partial copy of an insurance policy was the policy in issue, respondent stated: "Exhibit A is not a copy of the complete policy as issued." Asked by Interrogatory to "set forth" a copy of the policy, respondent answered "N/A," and thereafter successfully resisted a motion to compel answers to that and similar interrogatories, on the theory that documents are not discoverable through interrogatories. A motion by appellant seeking production of documents, including the policy, was brought on for hearing at the same time as respondent's Motion for Summary Judgment, and was either ignored or denied by the lower court.

Judgment, and ultimately both motions were reassigned to the Hon. John F. Mendoza for a hearing on March 23, 1970. After some proceedings on March 23, 1970, Judge Mendoza continued the matter until March 24, 1970; and on that date, either ignoring or impliedly denying appellant's Motion for Production of Documents, Judge Mendoza announced his decision to grant respondent's Motion for Summary Judgment. The instant appeal is from an Order entered March 25, 1970, in conformity with that decision.

As error, appellant contends that NRCP 56(c) requires a "hearing," which she contends envisions a right to oral argument, assertedly denied to her by the lower court. In support of the legal proposition propounded by her, appellant cites Dredge Corporation v. Penny, 338 F.2d 456 (9 Cir. 1964), an authority that upholds the right for which she contends. However, assuming appellant had a right to oral argument, minutes of the lower court for March 23, 1970, recite:

"This being the time set for hearing on Plaintiff's Motion for Production of Documents and Defendants' Motion for Summary Judgment in the above entitled cause. Plaintiff represented in Court by Charles L. Kellar, Esquire. Defendants represented in Court by Keith R. Edwards, Esquire, of the law firm of Parraguirre, Rose, Pico and Norwood.

"Mr. Kellar presented Plaintiff's Motion to the Court and argued in support thereof. Argument in opposition by Mr. Edwards.

"Thereafter, by the COURT ORDERED, Plaintiff shall have three days in which to answer the demands, or the Motion for Summary Judgment will be granted.

"Mr. Kellar stated he had already answered the demands.

"Thereafter, by the COURT ORDERED, this matter continued until the hour of 9:15 A.M., March 24, 1970."

Although the minutes are not entirely clear on the issue, it appears to us that on March 23, 1970, the lower court heard oral argument, which it took to relate not only to appellant's Motion for Production of Documents but also to respondent's Motion for Summary Judgment, and that no further argument was sought by either party. Accordingly, we believe appellant's first claim of error to be without merit.

Appellant also contends that, despite the fact that on March 23, 1970, the lower court forgave the tardy filing of appellant's Answers to Request for Admissions, the court thereafter improperly based summary judgment on admissions implied from appellant's failure to submit timely answers. Respondent,

in its Answering Brief, accepts appellant's view that the lower court granted summary judgment because appellant's Answers to Request for Admissions were filed late, but suggests the lower court's action was nonetheless proper, saying: "Appellant, however, can show no place in the record where such an extension was given, nor does the Appellant explain why an extension would be given on March 23, 1970, when the answers were purported to be filed on March 17, 1970." In other words, respondent's only response is, in essence, to suggest to this Court the nonoccurrence of a judicial act which the lower court's minutes for March 23, 1970, quoted above, clearly reflect did in fact occur. However, although the Record on Appeal negates respondent's suggestion, and establishes that the lower court granted an extension and forgave the late filing of appellant's Answers to Request for Admissions, nothing in the record indicates the court thereafter disregarded that extension and forgiveness. It appears to us, instead, that the lower court must have based summary judgment upon the affidavit of Ken H. Bryant, which respondent had filed in support of its Motion for Summary Judgment.[3]

Respondent has not vigorously endeavored to vindicate the summary judgment appealed from on the basis of the Bryant affidavit. Indeed, Respondent's Answering Brief acknowledges that "if Respondent's Requests for Admissions were timely answered, and not admitted, then Summary Judgment should not have been granted." Despite this, we have examined Bryant's affidavit to determine if it supports the lower court's

---

[3]Bryant's affidavit recites: "I. That he is the Vice-President and Claims Manager for Wabash Life Insurance Company with offices at 2929 North Meridian Street, Indianapolis, Indiana. II. That he is familiar with the facts in the above action. III. That the Defendant insured the life of CHARLIE BROWN commencing on 8/3/67 and that subsequently, the premiums on that policy were to be paid monthly and were due on the 3rd day of each month. IV. That premiums through November 3, 1968 were properly paid, but that the premium due on December 3, 1968 was not tendered on the due date or within the subsequent grace period. V. That pursuant to the contract, the life insurance contract on CHARLIE BROWN automatically lapsed. VI. That thereafter the Defendant forwarded to the insured an application for reinstatement of the lapsed policy but that the Defendant did not receive any response to its correspondence containing the application for reinstatement. VII. That thereafter the Defendant received notice from the Plaintiff herein that the alleged insured had died and she was making claim for payment on the policy as beneficiary. VIII. That because the policy on the life of CHARLIE BROWN lapsed for non-payment of the premiums and because no application for reinstatement was ever received from the insured, affiant is informed and believes that there is no legal foundation to support Plaintiff's action."

judgment, and have found that it offends NRCP 56(e) in a number of respects.

Although the affidavit refers to the life insurance policy in issue, as well as to other documents, no sworn or certified copies thereof were "attached thereto or served therewith" as explicitly required by that rule. Indeed, Bryant's affidavit does not even show that he is the custodian of any company records, and competent to lay a foundation for introduction of the policy or any other document. Certainly, his capacity as "Vice President and Claims Manager" carries no such necessary inference. Quite aside from considerations relating to the affidavit's attempt to adduce incompetent, secondary proof of the content of documents, requisite foundation is lacking to show Bryant's competence to testify to any of the affidavit's other recitals. Dredge Corp. v. Husite Co., 78 Nev. 69, 369 P.2d 676 (1962). Furthermore, most of these recitals are inadmissible conclusions for which no foundation could possibly be laid, and that in the form presented certainly do not constitute "such facts as would be admissible in evidence." Bond v. Stardust, Inc., 82 Nev. 47, 410 P.2d 472 (1966); Catrone v. 105 Casino Corp., 82 Nev. 166, 414 P.2d 106 (1966).

"On a motion for summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized by the court. The object of the motion is to separate the formal from the substantial issues raised by the pleadings, and the court examines evidence on the motion, not to decide any issue of fact which may be presented, but to discover if any real issue exists. Toebelman et al. v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, 1018. When affidavits are offered in support of a motion for summary judgment, they must present admissible evidence, and must not only be made on the personal knowledge of the affiant, but must show that the affiant possesses the knowledge asserted. When written documents are relied on, they must be exhibited in full. The statement of the substance of written instruments or of affiant's interpretation of them or of mere conclusions of law or restatements of allegations of the pleadings are not sufficient. Rule 56(e), Rules of Civil Procedure; 3 Moore's Federal Procedure Under the New Rules, p. 3175 et seq. On appeal from an order granting a defendant's motion for summary judgment the circuit court of appeals must give the plaintiff the benefit

of every doubt. Ramsouer v. Midland Valley Railroad Company, D.C., 44 F.Supp. 523, 526; Weisser et al. v. Mursam Shoe Corporation et al., 2 Cir., 127 F.2d 344, 346; McElwain v. Wickwire-Spencer Steel Company, 2 Cir., 126 F.2d 210." Walling v. Fairmont Creamery Co., 139 F.2d 318 (8 Cir. 1943), at 322. In accord, see: Jameson v. Jameson, 176 F.2d 58 (D.C. Cir. 1949); Alger v. United States, 252 F.2d 519 (5 Cir. 1958); F. S. Bowen Electric Co., v. J. D. Hedin Construction Co., 316 F.2d 362 (D.C. Cir. 1963); 3 Barron & Holtzoff, Federal Practice & Procedure § 1237 (Wright ed. 1958).

The lower court's Order granting summary judgment is reversed; and the cause is remanded, with instructions to afford appellant a fair opportunity to discover all documents and other evidence relating to the issues raised by the pleadings, in accordance with the Nevada Rules of Civil Procedure.

In accord with NRS 18.060, appellant is allowed her costs on appeal, upon the proper filing of a cost bill.

ZENOFF, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.