CHARLOTTE ARLEY, Appellant, *v*. THE STATE OF NEVADA, on Relation of Its DEPARTMENT OF HIGHWAYS and ROMAN A. BERZINSKI and His Wife, THELMA BERZINSKI, and JAMES A. AGERTON and DOROTHY M. AGERTON, His Wife, Respondents.

No. 7915

February 27, 1976          546 P.2d 1001

*Charlotte Arley,* Reno, *In Pro Per.*

*Robert List,* Attorney General, and *Stephen C. Mollath* and *George Stout,* Deputies, Carson City, for Respondents.

### OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting summary judgment in favor of the respondents and against

the appellant, Charlotte Arley. For the reasons hereinafter set forth, we reverse, and we remand the case to the court below for a trial on its merits.

Charlotte Arley sought a declaratory judgment declaring her rights to bid on a parcel of State real property which the State intended to sell to Respondents Berzinskis and Agertons at a private sale under the provisions of NRS 408.999(1)(c).[1]

Charlotte Arley is the owner of certain real property situated immediately north of a strip of land which had been conveyed to the State in 1954 by Arley's predecessor in interest. The Berzinskis and the Agertons are the joint owners of two separate parcels of property that are located immediately adjacent to the south and northwest of the State's property.[2]

In 1971, State declared surplus their strip of land separating the parties' properties, and the State proposed to sell the property to the Berzinskis and the Agertons under the provisions of NRS 408.999(1)(c), *supra,* which authorizes such a private sale if public sale or sale by sealed bid would work an "undue hardship upon a property owner . . . as . . . a denial of access to a public highway."

---

[1]NRS 408.999(1)(c):

"1. All real property . . . shall, after [highway department] board [of directors] approval, be disposed of by the [state highway] engineer in accordance with the provisions of this section, when such property is found to be no longer required for highway purposes . . . except that:

" . . .

"(c) When the title to such real property has been acquired in fee . . . and, in the opinion of the board, such property cannot be sold by means of public auction or sealed bids without working an undue hardship upon a property owner either as a result of a severance of the property of such owner or a denial of·access to a public highway, the board may first offer such property to such owner at a price determined by the board to be in the best interest of the state."

[2]Prior to 1954, all of the subject property constituted a single parcel of land known as the Riverbend Ranch, owned and operated by John and Ida Davies. In 1954, the Davieses conveyed to the State a strip of land running through the middle of the property for purposes of realigning U.S. Highway 40, which at that time abutted their ranch on the north. The Davieses simultaneously took back a right of entry, use, and occupancy over said land until such time as it was actually utilized by the State. In 1955, the Davieses conveyed to appellant that part of their ranch lying immediately north of the strip previously conveyed to the State, excepting therefrom only a very small parcel of land which formed the extreme northwest corner of the ranch. This parcel they conveyed to the Berzinskis in 1959, along with the entire remaining part of the ranch lying immediately south of the parcel previously granted the State. In 1961, the Agertons took an undivided one-half interest in the land conveyed to the Berzinskis.

Appellant Arley, in paragraph 6 of her complaint and in her affidavit opposing State's motion for summary judgment, alleges that the Berzinski-Agerton southerly parcel has access to a public highway via a gravel road that connects with U.S. Highway 40 on the north.

A Mr. Porch, an unidentified state official, filed a conclusory affidavit stating that his office had determined that the subject parcel should be first offered to the Berzinskis and the Agertons; otherwise, they would be denied access to a public highway. These allegations raise a significant factual issue.

Mere conclusions in an affidavit supporting a motion for summary judgment are not sufficient to establish the non-existence of a material fact. Daugherty v. Wabash Life Ins. Co., 87 Nev. 32, 38, 482 P.2d 814, 818 (1971). It is axiomatic that in reviewing a summary judgment this court must view the evidence in the light most favorable to the party against whom summary judgment was granted, and give that party the benefit of all favorable inferences that may be drawn from subsidiary facts. Old W. Enterprises v. Reno Escrow Co., 86 Nev. 727, 476 P.2d 1 (1970). The pleadings and affidavit submitted by Appellant Arley clearly put into issue factual matters as to whether an easement exists over the State's property, providing the Berzinski-Agerton southerly parcel with access to a public highway. This issue cannot be resolved by the conclusionary allegation of an unidentified state official that a private sale is statutorily authorized because certain property would otherwise be denied access to a public highway. We therefore reverse the lower court's order granting summary judgment and remand the cause for a full hearing on the merits.[3]

---

[3]Although appellant has directed our attention to other issues of material fact raised in the pleadings and in her affidavit, it is not necessary for us to consider them.