ELIAS SAKA, Appellant, *v.* SAHARA–NEVADA COR–
PORATION, a Nevada Corporation, Respondent.

No. 8532

December 21, 1976                    558 P.2d 535

*Robert N. Peccole,* Las Vegas, for Appellant.

*Lionel Sawyer & Collins* and *Lenard E. Schwartzer,* Las
Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting a summary judgment in favor of respondent, Sahara-Nevada Corporation, and against appellant, Elias Saka, in the amount of $3,046.03.

1.   In March 1974, Affinity Pictures, a Nevada corporation, became indebted to Sahara for hotel charges that Sahara claimed amounted to $3,046.03. Weaver Levy, on March 20, 1974, gave Sahara a check for that amount. The check was returned unpaid. Saka then gave Levy his signed blank check with instructions to cash it for $800 and give the cash to Sahara in payment of the hotel bill. Levy, however, made the check out for the amount of the bill, $3,046.03, and delivered it to Sahara. Saka later stopped payment on the check. Sahara initiated this action below, suing Affinity, Levy, and Saka for the hotel bill. Sahara moved for summary judgment and won. Saka alone appeals.

2.   Saka contends that there exists a genuine issue of fact as to the amount of the hotel bill and whether Sahara took the check in good faith. He urges that Sahara knew that there was a dispute about the amount owed and should have noticed that the check was signed by Saka and completed in a different

hand. While Saka's answer to Sahara's complaint denied liability for the bill, his affidavit opposing the motion for summary judgment was not sufficient to support the denial.

Rule 56(e) of the Nevada Rules of Civil Procedure requires that, in a motion for summary judgment:

"Supporting and opposing affidavits shall be made on *personal knowledge,* shall set forth such facts as would be admissible in evidence, and *shall show affirmatively that the affiant is competent to testify* to the matters stated therein. . . ." (Emphasis added.)

Saka's affidavit states that the "bill presented by Sahara-Nevada Corporation went beyond the agreed upon terms and was not supposed to cover anything but the room rent." It does not, however, indicate that Saka had any personal knowledge of the ageement or the bill or that he would be competent to testify to it.

The requirements of NRCP 56(e) are clearly stated. It is not sufficient that pleadings be supported by affidavits alleging specific facts; these facts must be made upon the affiant's personal knowledge, and there must be an affirmative showing of his competency to testify to them. This principle has been further established by case authority. See Catrone v. 105 Casino Corp., 82 Nev. 166, 414 P.2d 106 (1966); Daugherty v. Wabash Life Insurance Co., 87 Nev. 32, 482 P.2d 814 (1971).

Sahara argues, on the other hand, that even if there had been a dispute as to the amount owed, this would not preclude it from being a holder in due course. Its sole authority for this proposition is that the law will not inquire into the sufficiency of the consideration. While this argument is superfluous in view of our discussion above, the point is misplaced. While the law might not inquire into whether the services or goods provided were worth the amount charged, allegations that items not agreed on were charged clearly present a defense to the action. Sahara is correct in its assertion that Saka cannot claim failure of consideration simply because the consideration did not flow directly to him.

NRS 104.3302(2) provides that a payee may be a holder in due course. Cases establish, however, that this is the exception rather than the rule. Where the payee is an immediate party to the underlying transaction, under normal circumstances he

cannot claim this status because he necessarily knows of any defenses to the contract. In Hall v. Westmoreland, Hall & Bryan, 182 S.E.2d 539 (Ga. 1971), the court reversed summary judgment for plaintiff on a client's written agreement to pay a stated amount for legal services, the client having alleged no present consideration for the agreement. The court noted that the plaintiff had not established that he had not dealt directly with the defendant and could not therefore claim the status of a holder in due course. See also Briand v. Wild, 268 A.2d 896 (N.H. 1970); Vedder v. Spellman, 480 P.2d 207 (Wash. 1971).

Had Saka's affidavit been competent, its allegations would therefore have raised a genuine issue of fact as to whether the respondent was a holder in due course. Since no showing was made of personal knowledge of the dispute as to the hotel charges by Saka's affidavit or any other evidence offered, no such issue was raised, and the summary judgment may not be reversed on this ground.

3. Saka claims as a second ground for reversal that the appearance of the check itself was sufficient to put Sahara on notice of its irregularity. The check was signed by Saka, who was not a party to the transaction. Furthermore, it was completed in a different handwriting from that of the one who signed the check. In context, Saka argues, this was sufficient to impose upon Sahara a duty to make further inquiries. The good faith requirement for a holder in due course is defeated not just by actual knowledge; bad faith may be presumed from a reckless refusal to inquire.

Saka's second ground is without merit. NRS 104.3304-4(d) provides that knowledge that an incomplete instrument has been completed by another does not of itself give the purchaser notice of a claim or defense unless the purchaser has notice of any improper completion.

Saka makes no claim that Sahara knew Levy had acted in excess of his authority in completing the check. Instead he insists that the surrounding circumstances were such that Sahara should have inquired as to Levy's authority. Saka fails to assert specific facts surrounding Sahara's acceptance of Levy's check sufficient to establish knowledge or a duty to inquire. This ground is insufficient to require reversal of the summary judgment.

For these reasons, the order of the court below, granting summary judgment, is affirmed.