GUNLORD CORPORATION, a Nevada Corporation, d.b.a. Mobile World, Appellant, v. SILVIO BOZZANO and BERNICE BOZZANO, Respondents.

No. 11099

March 16, 1979                                    591 P.2d 1149

*James L. Buchanan II,* of Las Vegas, and *Robert A. Grayson,* of Carson City, for Appellant.

*Albert G. Marquis,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This action by Silvio and Bernice Bozzano against Gunlord Corporation, d.b.a. Mobile World, is to rescind a contract to purchase a mobile home. The Bozzanos moved for summary judgment and since their motion was not opposed the court entered summary judgment in their favor. Notice of entry was acknowledged by counsel for Gunlord Corporation on June 21, 1978. Gunlord then moved for a rehearing and on July 14, 1978, the court ordered a rehearing. A rehearing occurred and on July 27, 1978, the court ruled that the summary judgment previously entered was to remain in effect. The following day Gunlord Corporation filed its notice of appeal.

We are asked to dismiss the appeal as not timely. Alternatively, the Bozzanos assert that summary judgment was proper. The appellant Gunlord Corporation contends that its notice of appeal was timely filed and that the summary judgment should be set aside since genuine issues as to material facts are disclosed by the record.

1.  In urging the dismissal of this appeal the respondents rely upon the general proposition that a motion for rehearing does not toll the running of the 30-day period within which to appeal. Arrate v. Nevada National Bank, 89 Nev. 55, 506 P.2d 86 (1973); Whitehead v. Norman Kaye Real Estate, 80 Nev. 383, 395 P.2d 329 (1964). Neither of those cases control, since here the motion for rehearing was made and an order granting rehearing entered within 30 days following notice of entry of summary judgment.[1] The district court apparently wished to

---

[1] An order granting a rehearing is a special order after final judgment and itself appealable by the aggrieved party. Bates v. Nevada Savings & Loan Ass'n, 85 Nev. 441, 456 P.2d 450 (1969). In the case at hand the Bozzanos chose not to appeal from that order.

have an adversary hearing on the motion for summary judgment which previously had been unopposed, and retained jurisdiction for that purpose. That hearing was held and the court then ruled that summary judgment for the Bozzanos was proper. In these circumstances the final judgment is the judgment entered after rehearing. This appeal is timely.

2. Upon rehearing the motion for summary judgment the district court concluded that the affidavits and documents filed in opposition were legally insufficient. For this reason the court found no issue of material fact and reaffirmed the judgment entered earlier.

NRCP 56(e) requires that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Moreover, sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto and served therewith. When the mandate of this rule is not met the court will regard the papers as legally insufficient. Saka v. Sahara-Nevada Corp., 92 Nev. 703, 558 P.2d 535 (1976); Catrone v. 105 Casino Corp., 82 Nev. 166, 414 P.2d 106 (1966).

The affidavit of Bernice Bozzano in support of the motion for summary judgment reflected that she and her husband had entered into a contract to purchase a 24-foot by 60-foot, two-bedroom mobile home; that a three-bedroom mobile home was delivered and that it was defective in several specified particulars, and that she and her husband had not examined the home before signing the contract. Moreover, that the Bozzanos did not wish to own a three-bedroom mobile home.

Her affidavit was not controverted in any permissible way. The affidavit of the president of the defendant corporation to which was attached an unauthenticated invoice pertaining to a three-bedroom mobile home does not comply with the rule and, in any event, confirms the plaintiff's complaint that a three-bedroom home was delivered rather than the two-bedroom home which they had ordered. The president's affidavit in other respects is conclusory rather than factual and does not reflect that he had personal knowledge of the transaction with the Bozzanos and was competent to testify regarding it.

The affidavit of an employee of the defendant is similarly

deficient. In an attempt to controvert Mrs. Bozzano's statement that the mobile home was defective in many respects, the employee stated that two unnamed persons had examined the home and found the defects to be minor in character. The affidavits of those two persons were not obtained. In other respects the affidavit is conclusory and obviously not founded upon personal knowledge.

For the reasons expressed we affirm the judgment entered below.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.