Alma Jean COGHILL, Appellant
(Plaintiff Below),

v.

Kenneth N. BADGER and The Indianapolis Public Transportation Corporation, Appellees (Defendant Below).

No. 2–379A51.

Court of Appeals of Indiana,
Second District.

Jan. 18, 1982.

Charles W. Runnels, Runnels, Pontius, Redstone & Ursulskis, John M. Choplin, II, Norris, Choplin & Johnson, Indianapolis, for appellant.

William K. Byrum, A. David Stippler, Daniel J. Fairley, Byrum, Gagnon, Diehl & Stippler, Indianapolis, for appellees.

ON PETITION FOR REHEARING

BUCHANAN, Chief Judge.

We use this opportunity to expand upon our determination that plaintiff-appellant

Alma Jean Coghill (Coghill) had failed to raise a legitimate claim of estoppel or waiver in the notice requirement context.

One of the conclusions reached by the majority opinion in this case, which appears at 418 N.E.2d 1201, (Ind.App.) was that a governmental unit can waive or be estopped to assert an individual tort claimant's failure to comply with the notice-of-claim requirement of IC 34–4–16.5–7, –9, and –11 by (1) engaging in conduct which indicates that the purposes of the notice statute have been satisfied, i.e., that the governmental unit had actual knowledge of and investigated the surrounding circumstances; and (2) making a false representation or concealment of material facts concerning the need for formal notice to one who is without knowledge or reasonable means of knowing about the notice requirement. *See Delaware County v. Powell*, (1979) Ind., 393 N.E.2d 190. *See also Rabinowitz v. Town of Bay Harbor Islands*, (Fla.1965) 178 So.2d 9.

Using this two-pronged test we determined that the opposing affidavit of Charles W. Runnels (Runnels), Coghill's attorney, was insufficient to generate genuine issues as to the material facts of waiver and estoppel. The affidavit did not allege any affirmative acts of defendant-appellee Indianapolis Public Transportation Corporation (IPTC) pointing to fulfillment of the statutory purpose. Nor could attorney Runnels claim that any statements made by IPTC *reasonably* induced him to believe that formal notice was unnecessary. Consequently, we found that the trial court's entry of summary judgment in favor of IPTC was proper.

■ We now articulate yet another reason why Runnels's affidavit was insufficient to raise substantial issues regarding the material facts of waiver and estoppel. Ind.Rules of Procedure, T.R. 56(E) provides that when affidavits are used to support or oppose a motion for summary judgment, they "shall be made on personal knowledge, shall set forth such *facts as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testi-

fy to the matters stated therein." (emphasis supplied) Our courts have indicated that these requirements are mandatory. *E.g., DuBois County Machine Co. v. Blessinger*, (1971) 149 Ind.App. 594, 274 N.E.2d 279. *See generally* Civil Code Study Commission Comments to T.R. 56(E). So a court considering a motion for summary judgment should disregard inadmissible information contained in supporting *or opposing* affidavits. *G. D. Searle & Co. v. Charles Pfizer & Co.*, (7th Cir. 1956) 231 F.2d 316. While the non-movant has the benefit of any doubt as to the propriety of granting a motion for summary judgment, *Stapinski v. Walsh Construction Co.*, (1979) Ind., 395 N.E.2d 1251, any such consideration does not alter the effect of the obligatory language of T.R. 56(E).

■ Federal courts carrying out T.R. 56(E)'s mandate that supporting or opposing affidavits present admissible evidence agree that such affidavits "should follow substantially the same form as though the affiant were giving testimony in court." *Jameson v. Jameson*, (D.C.Cir.1949) 176 F.2d 58, 60. *Accord, Universal Film Exchanges, Inc. v. Walter Reade, Inc.*, (S.D.N.Y.1965) 37 F.R.D. 4; *Seward v. Nissen*, (D.Dela.1942) 2 F.R.D. 545. Thus, portions of affidavits setting forth conclusory facts or conclusions of law cannot be used to support or oppose a motion for summary judgment. *E.g., Bsharah v. Eltra Corp.*, (6th Cir. 1968) 394 F.2d 502; *Alger v. United States*, (5th Cir. 1958) 252 F.2d 519. *See generally* 10 *C. Wright & A. Miller, Federal Practice and Procedure* § 2738 (1973). In *Alger, supra*, an appeal from a grant of summary judgment in favor of the United States in an action to recover meat subsidy payments made to Alger, an opposing affidavit alleging that Alger's accountant had "settled this dispute concerning this claim in the local office of the Defense Supply Corporation and the Reconstruction Finance Corporation" presented no more than "a conclusion as to [the accountant's] opinion of the effect of certain negotiations . . . ." 252 F.2d at 521. Hence, the trial court correctly disregarded the affidavit in ruling

on the government's motion for summary judgment.

 The trial court, in ruling on IPTC's motion, could properly have ignored that portion of Runnels's affidavit indicating that "[i]t was understood from the conversation with Mr. Scott of October 5, 1976, that this affiant should recontact Mr. Scott to discuss settlement of the claim when plaintiff had completed the medical treatment and we had necessary information on medicals and specials to evaluate the claim . . . ." *Record* at 73. The statement, which referred to a phone call made by Runnels to an IPTC claims adjustor several days after the accident, was a conclusion as to Runnels's opinion of the effect of his conversation with Scott, *Alger, supra*, rather than a statement of the facts of that conversation. As such, the statement was not a fact admissible at trial.

Coghill has relied heavily on the conclusory statement as constituting "a false representation or concealment of material fact" as to the need for notice. Without this statement, there is only a memo from Scott, written at Runnels's request, acknowledging receipt of Runnels's letter of representation, and inviting him to contact Scott later, to establish the "false representation" element of estoppel. We do not imply that if the court could properly have considered the conclusory statement, legitimate claims of waiver and estoppel might have arisen: The bases for our previous resolution of this issue stand. Nevertheless, we emphasize that such a memo, standing alone, is insufficient as a matter of law to induce *any* individual to believe that formal notice was unnecessary.

We wish to correct a minor error in the majority opinion. Reference is made at page 1205 to Runnels's "October 24, 1976" letter to Scott. The letter, set forth at page 1203, was actually dated October 5, 1976.

Petition for rehearing denied.

SHIELDS, J., concurs.

SULLIVAN, J., dissents to the denial of the petition for rehearing.