VICTOR HAVAS, Appellant, *v.* HUGHES ESTATE, SUMMA CORPORATION dba DESERT INN HOTEL, Respondents.

No. 13046

April 30, 1982 643 P.2d 1220

*C. A. "Jack" Nelson,* Las Vegas, and *Harold M. Hecht,* Las Vegas, for Appellant.

*Cromer, Barker, Michaelson, Gillock & Rawlings,* and *John E. Gormley,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment entered in favor of respondents. Appellant's complaint alleged that he was slandered by a comedian during a performance at respondent hotel, and that the comedian was either an agent, employee or independent contractor of the hotel. Appellant also alleged that in employing the comedian, respondents knew or should have known that the comedian would make false and slanderous statements.

Respondents' motion for summary judgment was based upon the grounds that the comedian was an independent contractor whose acts did not make respondents liable, and that even if the comedian was an employee of respondents, the corporate respondent was not liable for slander by the comedian because the corporation did not authorize the comedian's remarks. The motion was supported by the affidavit of Walter Kane, respondents' director of entertainment. The affidavit referred to a "contract for musical services," and discussed various terms of the contract. The motion stated that the written contract was attached as an exhibit, but the contract was in fact not attached to the motion.

In response to the summary judgment motion, appellant requested a continuance. Appellant pointed out that the written contract had not been attached to respondents' motion for summary judgment, and that the Kane affidavit was conclusory, inadmissible and a violation of NRCP 56(e). Appellant argued that he "must have a copy of the contract . . . to determine the facts as set forth by the affidavit of Walter Kane." Appellant requested a continuance of the summary judgment proceeding in order to conduct discovery. In opposition to the continuance, respondents failed to explain why the written contract was not attached to the motion for summary judgment.

The district court denied appellant's request for a continuance, and granted respondents' motion for summary judgment.[1] No reasons for the summary judgment were specified by the district court.

 █

NRCP 56(e) provides that sworn or certified copies of all papers referred to in an affidavit "shall be attached thereto or served therewith." The rule is mandatory, and a district court's reliance upon an affidavit which does not comply with the rule may constitute reversible error. *See* Daugherty v. Wabash Life Ins. Co., 87 Nev. 32, 482 P.2d 814 (1971); *cf.* State of Washington v. Maricopa County, 143 F.2d 871 (9th Cir. 1944) (Fed.R.Civ.P. 56(e)).

 █

In addition to the irregularity of the Kane affidavit under NRCP 56(e), the affidavit fails to establish as a matter of law that respondents have no liability to appellant. As mentioned earlier, appellant's complaint alleged that when respondents employed the comedian, respondents knew or should have

[1]Appellant's action against the comedian is still pending in district court. The judgment in favor of respondents was certified pursuant to NRCP 54(b).

known that the comedian would make defamatory statements. Counsel for respondents has acknowledged that this theory of respondents' direct liability, separate and apart from theories relying upon respondeat superior, was not addressed in respondents' motion for summary judgment. Indeed, the Kane affidavit contains nothing whatsoever dealing with this theory. NRCP 56(c).

For the reasons discussed above, the district court erred by granting summary judgment to respondents. Accordingly, we reverse the summary judgment, and remand for further proceedings.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and STEFFEN, JJ., and YOUNG, D. J.,[2] concur.