**SCOTT COUNTY, Indiana: Lynn Jackson, Commissioner: James Peacock, Commissioner: and Elmer Arbuckle, Commissioner, Defendants-Appellants,**

**v.**

**Alfretta STAMPER, as Administratrix of the Estate of Hobart Stamper, Jr., Jeffrey Stamper and Pauline Stamper, Plaintiffs-Appellees.**

No. 1–481A125.

Court of Appeals of Indiana, First District.

Sept. 10, 1981.

Rehearing Denied Oct. 9, 1981.

Jerome F. Jacobi, Fox & Smith, Jeffersonville, for defendants-appellants.

Thomas E. Everitt, Everitt, Houston & Thompson, Scottsburg, for plaintiffs-appellees.

ROBERTSON, Judge.

Scott County brings this interlocutory appeal from the denial of summary judgment. We affirm.

Hobart Stamper was killed on July 29, 1978, when, for unexplained reasons, his vehicle collided with a tree located along the shoulder of a Scott County road. He was survived by his widow and two minor children. On March 26, 1980, nearly twenty months after the accident, the Scott County Commissioners received a written notice of a claim relating to that accident pursuant to the provisions of the Indiana Tort Claims Act, *Ind.Code* 34–4–16.5–1 *et seq.* On July 9, 1980, the plaintiffs (Stamper) brought a wrongful death action against Scott County. The decedent's personal representative, Mrs. Stamper, had been appointed the previous day. Scott County filed a motion to dismiss, which was subsequently treated as a motion for summary judgment, which was denied. This appeal follows and, as stated in Scott County's brief, presents the sole issue of whether the minor dependents are "incompetent" within the meaning of *Ind. Code* 34–4–16.5–8 to give notice of a claim in a wrongful death action.

A claim under the Indiana Tort Claims Act is barred unless notice to the political subdivision is filed with the governing body within 180 days of the loss. *Ind.Code* 34–4–16.5–7. If a person is incompetent to give notice, the claim is barred unless notice is given within 180 days after the incompetency is removed. IC 34–4–16.5–8. Incompetent persons includes persons under 18 years of age. *Ind.Code* 34–4–16.5–2(3).

 It is Scott County's position that the right to bring a wrongful death action under *Ind.Code* 34–1–1–2, § 2 rests with the personal representative, who is not an incompetent person, therefore, the notice of claim must be given within 180 days of loss.

We disagree for several reasons.

First, we believe that a fair reading of the Tort Claims Act regarding an incompetent giving notice does not support Scott County's position. Had it been the legislature's intent to support the position taken by Scott County, it could have done so by emulating *Ind.Code* 16–9.5–3–1 of the Medical Malpractice Act, wherein the statute of limitations is not affected by incompetency or disability of any sort. Instead, the Tort Claims Act provides for the existence of incompetency to protect the claimants or their survivors.

Also, it is generally conceded that the purpose of a statute, such as IC 34–4–16.5–8, rests upon a theory that an incompetent

person would not know to seek an attorney to protect his rights. That theory applies with equal force in seeking a personal representative to commence a wrongful death action, in our opinion.

■ Scott County also complains about the fact that the children were named as parties plaintiff in the Wrongful Death action, contrary to the provisions of the act, along with Mrs. Stamper who is the personal representative. We see no problem with this situation in that Indiana Rules of Procedure, Trial Rule 21(A), indicates that misjoinder is not fatal to the cause of action. Nor do we see that it is error for the personal representative to act as trustee in behalf of the minor children, even though it appears conceded that her personal claim against Scott County is barred for her failure to give timely notice. *Pettibone v. Moore*, (1944) 223 Ind. 232, 59 N.E.2d 114; *Pittsburgh, etc., Ry. Co. v. Hosea*, (1899) 152 Ind. 412, 53 N.E. 419. In fact, we perceive the facts of this case to be similar to those of *In Re Estate of Pickens v. Pickens*, (1970) 255 Ind. 119, 263 N.E.2d 151, wherein the supreme court expressly approved of the children's rights being protected through a wrongful death case even though the surviving parent was barred from recovery.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.