FARM BUREAU INSURANCE COMPA-
NY, Appellant (Defendant Below),

v.

James C. CRABTREE and Ella D. Crab-
tree, Appellees (Plaintiffs Below),

J.C. Ollie and Kenneth P. Gootee,
Appellees (Defendants Below).

No. 2–483A115.

Court of Appeals of Indiana,
Third District.

Aug. 27, 1984.

Rehearing Denied Nov. 7, 1984.

---

Glenn E. Davis, Sr., Davis, Davis & Langan, Indianapolis, Louis Denney, Hynes, Denney & Hall, Muncie, for appellant.

Harry A. Wilson, Jr., Wilson & Kehoe, Indianapolis, J. David Haynes, Davis, Jones & Haynes, Muncie, John M. Choplin, II, Peter A. Schroeder, Norris, Choplin & Johnson, Indianapolis, for appellees James C. Crabtree and Ella D. Crabtree.

HOFFMAN, Judge.

On March 1, 1979, at approximately 10:00 A.M., Ella Crabtree was driving her car south in the southbound lane of Interstate Highway 465 in Marion County. Highway 465 is a three-lane divided highway which loops around Indianapolis. On the day of the accident, the area was foggy and the road damp with patches of snow and ice. Crabtree was driving behind a Ford automobile operated by J.C. Ollie. Kenneth Gootee was driving behind Crabtree in a tractor-trailer owned by Capital City Fence Company. All three persons were driving at approximately 50 miles per hour with 60 to 70 feet separating each vehicle.

Ollie's Ford automobile began to fishtail and then veered off the road and struck a cement guardrail. Crabtree checked her rearview mirror before changing into the center lane to avoid being involved in Ollie's accident. Ollie's car then bounced off the guardrail and spun out in front of Crabtree. Crabtree struck Ollie's car and was subsequently struck from behind by Gootee who had also changed lanes in hope of avoiding an accident.

Crabtree suffered serious injury in the accident and was taken to the hospital. An investigation revealed that Ollie was operating his car while intoxicated and was the cause of the accident. It was also discovered that Ollie had no automobile insurance.

Within a few days Crabtree informed her insurer, Farm Bureau Insurance Company, of the accident. At this time Crabtree tendered a written accident report and damage claim. Farm Bureau agreed to pay $2,604 for the total loss of Crabtree's car. In addition Farm Bureau paid $1,000 of Crabtree's medical expenses.

After turning in her initial claim on March 5, 1979, Crabtree attempted to obtain insurance information from Ollie and Gootee. Crabtree then discussed with a Farm Bureau agent whether her insurance policy provided any further coverage for the additional damages she had incurred, primarily medical expenses. First, Crabtree was informed she had no uninsured motorist coverage. Then Crabtree was informed her uninsured motorist coverage operated to benefit the uninsured motorist. Finally, Crabtree was informed the uninsured motorist provision in her policy did not provide coverage in this particular case until it was determined whether Gootee, an insured motorist, was liable for any of Crabtree's damages.

Farm Bureau denied Crabtree's claim under the uninsured motorist provision of her policy. Crabtree and her husband brought suit against Farm Bureau and Gootee. Mrs. Crabtree sought compensatory damages for her medical expenses and lost wages. Mr. Crabtree sought to recover for loss of consortium. Both Crabtrees sought punitive damages. The jury returned a verdict for Mrs. Crabtree for compensatory damages in the amount of $75,000. The jury found against Mr. Crabtree but awarded the Crabtrees, jointly, $925,000 in punitive damages.[1] The jury also found in favor of Gootee expunging him of any liability. Farm Bureau appeals.

---

1. The judge in entering his judgment upon the verdict modified the award of damages awarding Mrs. Crabtree only $45,000 in compensatory damages. The judge also modified the award of punitive damages so they were awarded solely to Mrs. Crabtree.

Farm Bureau presents several issues for review which have been restated and reorganized for purposes of review:

(1) whether the trial court erred in denying Farm Bureau's motion for separate trials;

(2) whether the jury was correctly instructed as to the burden of proof necessary to support an award of punitive damages;

(3) whether the court erred by instructing the jury on the theories of estoppel and waiver;

(4) whether the judgment of the trial court is supported by insufficient evidence and contrary to law; and

(5) whether the number and form of the verdict forms submitted to the jury were confusing and misleading resulting in prejudice to Farm Bureau.

The first issue discussed by the court involves the trial court's denial of Farm Bureau's motion for separate trials. It is Farm Bureau's contention that this ruling, combined with the trial court's grant of Gootee's motion in limine to exclude evidence of his insurance, denied Farm Bureau a substantial defense. A theory of defense raised by Farm Bureau was that the uninsured motorist provision of Crabtree's policy excepted recovery where the insured could recover against an insured third party. Thus, according to Farm Bureau trying it in the same action as Gootee was unnecessarily confusing and denied Farm Bureau this theory of defense because Gootee's insurance could not be mentioned.

■ The grant or denial of a party's motion for separate trials pursuant to Ind. Rules of Procedure, Trial Rule 42(B) rests within the trial court's exercise of sound judicial discretion and will be reversed only for an abuse of that discretion. *Indiana State Highway Com'n v. Vanderbur*, (1982) Ind.App., 432 N.E.2d 418. A showing of prejudice is a prerequisite to establishing that a trial court erred in denying a motion for separate trials. *Jessop v. Wer-*

*ner Transp. Co., Inc.*, (1970) 147 Ind.App. 408, 261 N.E.2d 598.

■ Farm Bureau has shown no prejudice resulting from the trial court's ruling on the two motions at issue. The trial court reversed its ruling on the motion in limine during Farm Bureau's case-in-chief allowing it the opportunity to introduce evidence of Gootee's insurance. Farm Bureau argues it was still prejudiced because the motion in limine was not removed until a substantial portion of its evidence had been presented.

■ While it is not clear why the timing of the introduction of Gootee's insurance resulted in prejudice, there is no doubt that any error in that regard is chargeable to Farm Bureau. A motion in limine is not a final ruling on the admissibility of evidence. In order to preserve a challenge to the trial court's ruling on the admissibility of certain evidence, that evidence must be offered at trial and objection timely made to the trial court's ruling on the admissibility of the evidence. *Marsh v. Lesh*, (1975) 164 Ind.App. 67, 326 N.E.2d 626.

In the case at bar the trial court reversed its ruling on the motion in limine and allowed Farm Bureau to introduce evidence of Gootee's insurance at the first point in time Farm Bureau attempted to do so. Consequently any prejudice which resulted from the fact that evidence of Gootee's insurance was not admitted until a substantial portion of Farm Bureau's case had been presented is the fault of Farm Bureau and not the trial court. It is equally clear the trial court did not abuse its discretion in denying Farm Bureau's motion for separate trials, as that would have resulted in inefficient and cumbersome trial proceedings.

The Court next addresses Farm Bureau's challenge to the trial court's instruction of the jury on the burden of proof necessary to support an award of punitive damages. In the case at bar, the jury was instructed that Crabtree's claim for punitive damages need only be proved by a preponderance of the evidence. One day prior to the trial

court's instruction of the jury the Supreme Court of Indiana handed down its decision in *Travelers Indem. Co. v. Armstrong,* (1982) Ind., 442 N.E.2d 349 which changed the applicable burden of proof. Pursuant to *Travelers,* punitive damages must be supported by clear and convincing evidence.

The issue in this case centers on the retroactive effect of the standard of proof set out by the Supreme Court in *Travelers.* This Court has on several occasions applied the *Travelers* standard retroactively. *Lloyds of London v. Lock,* (1983) Ind.App., 454 N.E.2d 81; *Tuthill Corp. Fill-Rite Div. v. Wolfe,* (1983) Ind.App., 451 N.E.2d 72; *Farm Bureau Mut. Ins. Co. v. Dercach,* (1983) Ind.App., 450 N.E.2d 537; *Don Medow Motors, Inc. v. Grauman,* (1983) Ind.App., 446 N.E.2d 651. In these cases the court held the issue of punitive damages should be remanded for retrial even though no objection had been made to the court's instruction on the wrong burden of proof. Such a holding was necessary since *Travelers* was pending appeal while those cases were proceeding at trial.

In the case at bar the decision in *Travelers* was rendered one day prior to the instruction of the jury. The Crabtrees argue this is sufficient time to become aware of the new ruling and to apply the same standard in this case as in the earlier decisions would result in an unworkable standard of review to be applied on a case by case basis.

■ The Crabtrees' concern is appreciated. However, this Court believes the more equitable approach requires a case by case analysis. In the present case Farm Bureau contends it was not aware of the change and indeed such assertion seems reasonable in light of the short time span involved. There is no evidence to the contrary. For this reason the Court will follow the precedents set by earlier decisions and remand the issue of Mrs. Crabtree's punitive damages for retrial pursuant to instruction on the proper burden of proof.

The next issue involves the trial court's instruction of the jury on the theory of waiver and estoppel. Specifically this issue relates to the legal theory that an insurer can waive the requirement of a written notice of claim or proof of loss by its conduct. It is Farm Bureau's contention that the issue was never raised; thus, instruction of the jury on the matter was confusing and prejudicial.

■ It is a well-settled principle of law that insurance policy requirements of written notices of claim and proofs of loss may be waived. Generally, an insurer must act in good faith with its insured and conduct which leads the insured to the reasonable belief that notice of claim or proof of loss is not required will result in a waiver of those requirements or as an estoppel to the insurer's attempt to raise them as grounds for denial of coverage. *Huff v. Travelers Indemnity Co.,* (1977) 266 Ind. 414, 363 N.E.2d 985; *Integrity Ins. Co. v. Lindsey,* (1983) Ind.App., 444 N.E.2d 345.

■ The Crabtrees gave Farm Bureau notice of their claim and proof of loss within five days of the accident. Farm Bureau in turn paid the Crabtrees for a portion of these claims up to the limits of their insurance. The proceedings which followed present a confused picture of poor communication between the insurer and insured. One thing is clear from the parties' conduct and contentions at trial: notice of claim, proof of loss, and waiver of this requirement resulting from bad faith conduct are underlying issues within the context of this lawsuit. If this were not the case, why then does Farm Bureau present the Crabtrees' alleged failure to present proof of loss as a fact supporting various arguments presented in its appellant brief? The trial court did not err in reading this instruction to the jury as it is a substantially correct statement of the law applicable to this dispute.

■ The Court must next determine whether the jury's verdict and judgment of the trial court were contrary to law and supported by insufficient evidence. Farm Bureau presents this argument as a series of sub-issues attacking specific areas of the

judgment. Initially it should be pointed out that Farm Bureau has waived any challenge to the judgment as it pertains to Count I of Crabtrees' complaint for compensatory damages. Farm Bureau failed to challenge this portion of the verdict in the motion to correct errors. Ind.Rules of Procedure, Trial Rule 50(A)(4); Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

 First, Farm Bureau argues the trial court erred in denying its motion for judgment on the evidence pursuant to Ind. Rules of Procedure, Trial Rule 50. Judgment on the evidence is available only where the evidence is unconflicting and susceptible to but one inference, supporting judgment for the movant. *Kranda v. Houser-Norborg Medical Corp.*, (1981) Ind. App., 419 N.E.2d 1024. When deciding whether to grant a motion for judgment on the evidence and when reviewing such a determination, the evidence is viewed in a light most favorable to the non-movant. If there is evidence on each element of the claim, the issue shall be tendered to the jury and the motion denied. *Hall-Hottel Co. v. Oxford Square Co-op., Inc.*, (1983) Ind.App., 446 N.E.2d 25. In the case at bar there is no question as to the conflicting nature of the evidence. There was no error committed by the trial court in refusing to grant Farm Bureau's motion for judgment on the evidence.

 Next, Farm Bureau contends there is no evidence the Crabtrees submitted a claim for damages against the uninsured motorist provisions of their policy. This is nothing more than a request that this Court weigh the evidence. When reviewing a challenge to the sufficiency of the evidence, the record is viewed in a light most favorable to the judgment. The evidence is not reweighed nor is the credibility of a witness rejudged. If there is evidence on each element of the claim supporting the verdict, that verdict shall be upheld. *Trinity Lutheran Church, Inc. v. Miller*, (1983) Ind.App., 451 N.E.2d 1099.

 In the case at bar the evidence is at best conflicting as to whether the Crab-

trees submitted a claim. Further, as stated earlier in this opinion the conduct of Farm Bureau's agent gives rise to the issue of waiver or estoppel with regard to this policy requirement. In any case the issues of punitive damages are to be retried.

 Farm Bureau next argues this matter is a dispute over the construction to be applied to a provision in its insurance policy. That being the case this is a dispute over a question of law which cannot serve as a basis for an award of punitive damages. This point is well taken.

It must be pointed out, however, that even assuming arguendo that Farm Bureau is correct in this assumption an award of punitive damages might still rest upon its improper conduct with regard to the dispute. One might indeed have the law on his side yet still be penalized for an improper *method* of enforcing one's rights. This issue is one that may be addressed upon retrial of the punitive damages claim.

 Next, Farm Bureau contends it was not charged with misrepresentation nor did the Crabtrees establish that they harmfully relied upon any misrepresentation made by Farm Bureau. Farm Bureau confuses this cause of action with that of quasi contract. The imposition of punitive damages against an insurer in a situation such as the case at bar is an enforcement of public policy to deter harmful and oppressive conduct by insurance companies not an attempt to compensate injured policyholders. *United States Fidelity & Guar. v. DeFluiter* (1983) Ind.App., 456 N.E.2d 429. Thus, it is not critical that an insured rely upon an insurer's misrepresentation to its detriment.

 As to the contention that misrepresentation was not charged, this is not supported by the record. While there is no verbatim accusation of misrepresentation, its existence is raised again and again as an indicia of Farm Bureau's harmful and misleading manner in which it dealt with the Crabtrees. Again whether this conduct is sufficient to satisfy the proper burden of

proof is a question to be answered upon retrial of the punitive damages issue.

Farm Bureau also contends that its negligent investigation of the Crabtrees' complaint is not enough by itself to support an award of punitive damages. Again, negligent investigation is not the sole basis of the Crabtrees' complaint seeking punitive damages. Rather the Crabtrees' complaint attacks the manner in which Farm Bureau conducted itself as a whole. As with the last sub-issue discussed, whether or not Farm Bureau's conduct was sufficiently egregious to support an award of punitive damages must be answered upon retrial of the issue.

Finally, Farm Bureau alleges the evidence is insufficient to support an award of punitive damages under either standard for the burden of proof. It is unnecessary for the court to discuss this issue as it completely ignores the standard of review applied to such questions. In addition the matter is to be retried after which the issue may be raised again if it appears proper.

■ The final issue raised by Farm Bureau relates to the number and content of the verdict forms submitted to the jury. Farm Bureau contends the number of verdict forms was so large and the number of varied forms used so confusing as to mislead the jury and prejudice Farm Bureau.

First, Farm Bureau has waived any challenge to the verdict forms by its failure to enter a timely objection to their use and failure to submit alternative verdict forms. *LaSalle Motor Car Sales v. Calumet Nat. Bank,* (1982) Ind.App., 440 N.E.2d 9; *DDR Computer Serv. Bureau v. Davis,* (1980) Ind.App., 411 N.E.2d 722. In any case the error is rendered moot as the issue of punitive damages must be retried.

For the reasons stated above the judgment of the trial court as it relates to compensatory damages awarded Ella Crabtree is affirmed. However, with regard to the issue of punitive damages, the matter is reversed and remanded for retrial.

Affirmed in part and reversed in part.

BUCHANAN, C.J., concurs.

SHIELDS, J., concurs in result.