**Patricia J. BURGGRABE,**
**Plaintiff-Appellant,**

v.

**BOARD OF PUBLIC WORKS OF the CITY OF EVANSVILLE, Indiana, and Metropolitan Evansville Transit System, Defendants-Appellees.**

No. 1–1183A368.

Court of Appeals of Indiana,
First District.

Oct. 31, 1984.

Rehearing Denied Dec. 4, 1984.

Theodore Lockyear, James A. Kornblum, Lockyear & Kornblum, Evansville, for plaintiff-appellant.

Robert T. Bodkin, Bamberger, Foreman, Oswald & Hahn, Evansville, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Patricia J. Burggrabe appeals from the granting of summary judgment in favor of the Board of Public Works of the City of Evansville, Indiana, and Metropolitan Evansville Transit System (both appellees referred to herein as "METS") in her action for damages for personal injuries. Summary judgment was granted on the ground that Burggrabe failed to comply with the notice provisions of the Indiana Tort Claims Act.[1]

We reverse.

## FACTS

On March 11, 1982, Burggrabe was involved in a collision between her vehicle and a METS bus. On March 16, 1982, Donna R. Baxter of the Kattman Insurance Agency, on behalf of Burggrabe, wrote the following letter to METS at its Evansville address:

"March 16, 1982
M.E.T.S.
813 Pennsylvania Avenue
Evansville, IN
ATTN: Mr. Cochran
    RE: Accident of March 11, 1982
    Our Insured: Patricia Burggrabe
    Your Driver: C. Coultas

Dear Mr. Cochran:
This letter is sent to you on behalf of our insured, Patricia Burggrabe, who wishes to file claim against the M.E.T.S. for personal injuries, loss of vehicle, damages to private property, etc. in connection with the accident of March 11, 1982. We are enclosing herewith copies of our Insured's Indiana Operator's Accident Report which was mailed to the Indiana State Police; a copy of the Indiana Officer's Standard Accident Report; a copy of the Evansville Police Department Patient Information form from St. Mary's Medical Center where Miss Burggrabe was treated for head injuries and a laceration.

Each of the accident reports list that we have three (3) eye witnesses to the accident and each have indicated that your driver pulled out from the stop sign into the line of traffic and into the path of our insured. The police reports also indicate that the bus had pulled out into the intersection and that our insured skidded on wet pavement trying to avoid hitting the bus.

---

1. Indiana Code section 34–4–16.5–1 *et seq.*

As Miss Burggrabe's place of employment is not on available bus service, she will be requiring an automobile immediately in order to be able to get to work. She will probably have to rent a car somewhere for these purposes.

We would appreciate your expediting this claim immediately so that our insured can quickly return to a normal pattern of living.

If you have any questions, you can contact me by phone or you can contact the insured direct at 422–9864. This is her mother's home where she is staying temporarily.

Yours truly,

Donna R. Baxter
KATTMANN INSURANCE
AGENCY

DRB:hs
Encls:"

Record at 78–79.

Some further correspondence between adjusters for Burggrabe's insurance company and METS' insurer took place culminating in a letter of August 5, 1982, from METS' adjuster to Burggrabe's adjuster denying liability.

## ISSUE

The sole issue presented in this case is whether Burggrabe substantially complied with the notice requirement of the Indiana Tort Claims Act.

## DISCUSSION AND DECISION

The Indiana Tort Claims Act requires that a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision within 180 days after the loss occurs. Indiana Code section 34–4–16.5–7. The notice shall describe in a short and plain statement the facts on which the claim is based, and shall include the circumstances which brought about the loss, the time and place the loss occurred, the names of all persons involved, if known, the amount of damages sought, and the residence of the person making the claim at the time of the loss and at the time of the notice. Indiana Code section 34–4–16.5–9. The notice must be in writing and must be delivered in person or by registered or certified mail. Indiana Code section 34–4–16.5–11.

■ In construing a predecessor statute, our courts have held that the notice statute is to be strictly construed as to giving timely notice to the proper officers, but liberally construed as to whether the notice is sufficiently definite as to time, place, nature, etc. of the injury. *Brown v. City of South Bend*, (1971) 148 Ind.App. 436, 267 N.E.2d 400; *Volk v. City of Michigan City*, (1941) 109 Ind.App. 70, 32 N.E.2d 724. No question is raised as to the timeliness of Burggrabe's alleged notice or as to whether it was directed to the proper officers. Consequently, we must liberally construe the March 16, 1982, letter in determining whether it is sufficiently definite to meet the requirements of Indiana Code section 34–4–16.5–9.

The only document which we consider as constituting any attempt to comply with the notice provisions of the Indiana Tort Claims Act is the March 16, 1982, letter from Burggrabe's insurance agent to METS. We agree with the trial court's determination that none of the other correspondence in any way meets the notice requirements of the Act. The trial court determined that the March 16 letter was deficient in that it did not contain all of the elements required and because it was sent ordinary mail rather than being hand delivered or sent registered or certified mail. We disagree.

■ It has been clearly established that substantial compliance with such notice requirements is sufficient where the purpose of the notice requirement is satisfied. *Galbreath v. City of Indianapolis*, (1970) 253 Ind. 472, 255 N.E.2d 225; *Mills v. American Playground Device Co.*, (1980) Ind. App., 405 N.E.2d 621. Thus, we look to the purpose of the notice requirement.

■ The purpose of the notice statute is ⊸to inform the officials of the political subdivision with reasonable certainty of the acci-

dent and surrounding circumstances so that the political subdivision may investigate, determine its possible liability, and prepare a defense to the claim. *Geyer v. City of Logansport*, (1977) 267 Ind. 334, 370 N.E.2d 333; *Galbreath.* Although the purpose defined in *Geyer* and *Galbreath* related to the former notice statute, we have recognized this statement as the purpose of the notice requirements of the Tort Claims Act. *Dunn v. City of Indianapolis*, (1983) Ind.App. 451 N.E.2d 1122, *trans. denied; Mills.* "The key information necessary to an investigation is the nature of the incident, the place of the injury, and the party injured." *Mills* at 624.

■ We recognize that mere investigation by the political subdivision may not be substituted for the notice or regarded as substantial compliance. *City of Indianapolis v. Satz*, (1978) 268 Ind. 581, 377 N.E.2d 623; *Geyer.* Thus in *Geyer*, where there was no notice, and in *Dunn* where the notice was given 490 days after the loss, and in *Satz* where the letter to the mayor was clearly insufficient, the city's investigation did not relieve the plaintiff from the consequences of the failure to give the required notice. These cases, however, do not support the judgment here.

■ In this case, notice was given to METS by the March 16, 1982, letter and documents attached thereto, five days after the accident, clearly within the statutory time limit. This notice, in our view, was sufficiently definite to apprise METS of those matters necessary to satisfy the purpose of the notice requirement. *Mills.* That no money demand was stated does not render the notice insufficient. In *Mills*, the notice stated that at the present time the claimant was unable to determine the extent of the injuries or amount of damages. This was held to be a sufficient substantial compliance with the notice requirement.

METS contends the letter of March 16 is insufficient to satisfy the notice requirement because it was sent ordinary mail rather than hand delivered or sent registered or certified mail as the statute provides. METS cites *Coghill v. Badger*, (1981) Ind.App., 418 N.E.2d 1201, *rehearing denied* 430 N.E.2d 405, *trans. denied* (1982), in support of this argument. We disagree.

The only purpose of the requirement that the notice be hand delivered or sent registered or certified mail is to assure the notice will be received by the proper officials of the political subdivision in order for them to be able to investigate the claim. METS indeed did receive the letter[2] and did in fact investigate the claim as evidenced by the fact that there was subsequent correspondence concerning the claim between METS' insurer and Burggrabe's insurer, and by the denial of the claim on the ground of contributory negligence on the part of Burggrabe. Under such circumstances, to hold that the notice was defective because of its mode of delivery when the notice was received and the purpose of either hand delivery or registered or certified mail, that of assurance of receipt, was met, is contrary to logic and defies common sense.

It is true that in *Coghill*, the court stated that the letter there in question "was delivered by first-class mail rather than by certified or registered mail or in person." 418 N.E.2d at 1018. However, a careful reading of *Coghill* clearly shows that the letter did no more than announce Coghill's lawyer's representation, and did not apprise the political subdivision of the accident and surrounding circumstances and did not address the proper officials. In our view, the decision in *Coghill* is predicated upon the many deficiencies in the alleged notice, and does not support the position that because a notice, admittedly received and acted upon, was not delivered certified or registered mail or in person, that there had been no substantial compliance with the notice provisions.

Likewise, METS' argument that the March 16, 1982, letter fails to reveal Burggrabe's address is unavailing. The letter was from her insurance agent from whom

2. METS does not deny receiving the March 16, 1982, letter.

her address could have been obtained. In addition, copies of Burggrabe's accident report, the investigating officer's report, and the hospital report, all sources of information as to her address, were submitted with the letter. METS makes no claim it did not know of Burggrabe's whereabouts or how to contact her. To hold her notice defective under the facts in this case because her address was not included within the body of the March 16, 1982, letter would exalt form over substance and allow METS to escape the possible consequences of its driver's acts upon the slenderest of technicalities when there had been substantial compliance with the notice provisions of the Tort Claims Act.

Judgment reversed and cause remanded for further proceedings.

NEAL, P.J., and ROBERTSON, J., concur.