**Diane ORLOWSKI, as Administratrix of the Estate of James Gatchell, Deceased, and as mother and natural guardian of Amy and Angela Gatchell, Minors, Plaintiffs-Appellants,**

**v.**

**CITY OF SOUTH BEND, Indiana, Defendant-Appellee.**

**No. 3–1184A312.**

Court of Appeals of Indiana, Third District.

Oct. 2, 1985.

---

Catherine M. Rohrs, David L. Matthews & Associates, South Bend, for plaintiffs-appellants.

Richard L. Hill, City Atty., Robert C. Rosenfeld, Deputy City Atty., South Bend, for defendant-appellee.

HOFFMAN, Judge.

Plaintiff-Appellant Diane Orlowski (Orlowski) as natural guardian of the minor children of James Gatchell, deceased, appeals a summary judgment entered in favor of the City of South Bend, Indiana (South Bend). The trial court found that Orlowski's notice of claim,[1] as provided for in the Indiana Tort Claims Act,[2] failed to satisfy statutory requirements.

The facts relevant to this appeal disclose that Orlowski mailed a notice of claim to South Bend and its mayor on May 13, 1983. South Bend did not respond to the notice within the 90-day period prescribed in IND. CODE § 34-4-16.5-10. Under that statute, a failure to respond is deemed a denial of the claim and a suit for damages may be filed.

Orlowski filed suit for the wrongful death of James Gatchell on October 21, 1983. On November 2, 1983, counsel entered an appearance on behalf of South Bend. South Bend answered Orlowski's complaint on December 12, 1983, four days after Orlowski filed a motion for default judgment. In its answer, South Bend raised the affirmative defense that Orlowski's notice had not complied with the Indiana Tort Claims Act.

Alleging that the notice of claim was insufficient, South Bend filed a motion for summary judgment on July 18, 1984. The motion for summary judgment was granted on August 22, 1984. Orlowski then filed an amended notice of claim and a motion to correct errors on October 3, 1984.

Orlowski presents two issues for review:

(1) whether the court erred in ruling that the notice of claim was insufficient as a matter of law; and

(2) whether the court erred in denying Orlowski's motion for default.

▇ When reviewing a summary judgment, this Court must construe all evidence in favor of the non-moving party. *State and Sav. Bank of Monticello v. Meeker* (1984), Ind.App., 469 N.E.2d 55. Whether a party has complied with the notice requirements of IND.CODE § 34-4-16.5-9 is a question of law to be determined by the court prior to trial. *Bd. of Aviation Com'rs v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 153.

The notice statute, IND.CODE § 34-4-16.5-9, requires:

"a short and plain statement [of] the facts on which the claim is based. The statement shall include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice."

In pertinent part the original notice of claim by Orlowski stated:

"You are hereby notified of the claim of Amy and Angela Gatchell for damages

---

1. IND.CODE § 34-4-16.5-9.

2. IND.CODE §§ 34-4-16.5-1 through 34-4-16.5-19.

against the City of South Bend and its Police Department for the wrongful death of James Gatchell for negligence and intentional wrong doing on the part of the City through its employee, Sam Young, Corporal, South Bend Police Department on or about the 23rd day of March, 1983.

The address of Amy and Angela Gatchell is 3611 Rexford Drive, South Bend, Indiana 46613...."

While arguably deficient in other respects also, the notice completely failed to include the circumstances which brought about the loss, and the place the loss occurred.

■ The purpose of the notice statute is to inform a political subdivision, with reasonable certainty, of the accident and surrounding circumstances to allow investigation, determination of liability and preparation of a defense to the claim. *Burggrabe v. Board of Public Works* (1984), Ind.App., 469 N.E.2d 1233, 1235–1236. Substantial compliance with the notice statute which meets the purpose of the requirements is sufficient. *Burggrabe, supra.*

■ The notice submitted by Orlowski, even when liberally construed, did not meet minimum requirements to substantially comply with the statute. South Bend was not informed that the incident involved a police action shooting or that the incident occurred in South Bend. The investigatory purpose of the statute was not met.

Included within Orlowski's first contention of error is an argument that the suit was brought on behalf of the deceased's minor children who have 180 days after attaining the age of majority to file their notice; thus, the amended notice filed after summary judgment was adequate. This argument must fail. The authority relied upon by Orlowski stands for the proposition that the 180-day period within which a notice must be filed after an incident, is tolled until 180 days after an incompetent's incapacity is removed. The statutory provision for the tolling is embodied within IND.CODE § 34–4–16.5–8.

However, the present case involves no question whether the notice was timely filed. Once the notice was actually filed and suit was commenced, the tolling statute could provide no haven for the argument that any number of subsequent notices may be filed on behalf of minors, until one is deemed sufficient.

In yet another subissue raised under Orlowski's first allegation of error, she claims that South Bend failed to state with particularity which section of the Indiana Tort Claims Act the notice of claim failed to satisfy. Orlowski argues that this failure should convert South Bend's affirmative defense into a general denial which would be inadequate to challenge the sufficiency of the notice. *See, Thompson v. City of Aurora* (1975), 263 Ind. 187, 325 N.E.2d 839. *Thompson* requires only that a political subdivision raise insufficient notice as an affirmative defense. South Bend's answer set out insufficient notice of claim under the Indiana Tort Claims Act as an affirmative defense. Thus, South Bend complied with *Thompson*, notwithstanding, any failure to specify the exact section of the Act.

■ Orlowski's second grounds for error, the failure by the trial court to grant a default judgment against South Bend, was not raised in Orlowski's motion to correct errors. Consequently, the alleged error was not properly preserved on appeal. *Farm Bureau Ins. v. Crabtree* (1984), Ind. App., 467 N.E.2d 1220, 1225. *See,* Ind. Rules of Procedure, Trial Rule 50(A)(4); *see also,* Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

The judgment is affirmed.

Affirmed.

GARRARD, J., concurs in result with opinion.

STATON, P.J., dissents with opinion.

GARRARD, Judge, concurring in result.

I concur in the result reached by the majority, but not its view of the consequences thereof.

Our prior decisions require that I concur in finding the notice given on May 13, 1983 was inadequate to comply with the Tort Claims Act.

I disagree with the majority's analysis of the effect that had upon IC 34–4–16.5–8. That section of the statute provides:

"If a person is incompetent to give notice as required in section 6 [34–4–16.-5–6] or 7 [34–4–16.5–7] of this chapter, his claim is barred unless notice is filed within one hundred eighty [180] days after the incompetency is removed."

I confess that if the application of that section were a question of first impression, I might be inclined to the view that the section was irrelevant since in Indiana wrongful death actions are to be brought by a personal representative, although they inure to the benefit of the decedent's minor children. *See* IC 34–1–1–2; *G.M.C. v. Arnett* (1981), Ind.App., 418 N.E.2d 546.

Such, however, is not the case. In *Scott Co. v. Stamper* (1981), Ind.App., 425 N.E.2d 264, *transfer denied*, the First District of this court determined that IC 34–4–16.5–8 would preserve the rights of minor children in a wrongful death action involving application of the Tort Claims Act.

There is no qualification set forth in the statute limiting its application to the period of incompetency *or* until some kind of notice is given or suit commenced. Because of their ages the minor children of James Gatchell are not *time-barred* from having instituted a claim against the City of South Bend. *Scott v. Stamper, supra.*

The question then concerns the effect of the instant attempt. The notice given was insufficient and the personal representative elected to stand on it. While the complaint should most probably have been dismissed for failure to state a claim upon which relief could be granted, consideration of the admissions, etc. would require it to be considered as a summary judgment, even in the absence of a specific motion. Indiana Rules of Procedure, Trial Rule 12(B).

Thus, summary judgment was properly entered upon the specific claim at suit because the notice upon which it was premised was insufficient as a matter of law. That is all the trial court decided and what we affirm today.

STATON, Presiding Judge, dissenting.

I dissent. Although the timely, written notice to the City of South Bend does not give a meticulous rendition of the circumstances which brought about the loss, it does give the City of South Bend adequate notice, and it does conform with the intent and purpose of the statute. James Gatchell was shot and killed by Sgt. Sam Young, a South Bend Police Officer. Such events are given considerable coverage by the local media and precipitate an internal investigation by the police department. Since the notice is made by Amy and Angela Gatchell for the wrongful death of their father, the loss requirement of the statute is satisfied. To require more would be to demand all the evidence to be presented at trial. A requirement not intended by the statute.