**PUTNAM COUNTY; Don Walton, John Carson and James Malayer, As Commissioners of Putnam County; Gerry Hoffa, Sheriff of Putnam County; and Jimmy Hendrich, Defendants-Appellants,**

**v.**

**Jon W. CALDWELL and Jerri Sue Caldwell, Plaintiffs-Appellees.**

No. 67A01–8611–CV–292.

Court of Appeals of Indiana, First District.

March 18, 1987.
Rehearing Denied May 13, 1987.

Steven K. Hahn, Sacopulos, Johnson and Hahn, Terre Haute, for defendants-appellants.

William G. Brown, Brazil, for plaintiffs-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellants, Putnam County; Don Walton, John Carson, and James Malayer, as the Board of Commissioners of Putnam County; Gerry Hoffa, Sheriff of Putnam County; and Jimmy Hendrich, all hereafter referred to as the Public Body, have perfected their interlocutory appeal from the decision of the Putnam Circuit Court denying their motion for summary judgment in a suit by Jon W. Caldwell (Jon) for personal injuries, and Jerri Sue Caldwell (Jerri), his wife, for loss of consortium.

We reverse in part and affirm in part.

## STATEMENT OF THE FACTS

As relevant to the issues here, the undisputed facts before the trial court are as follows. Jon was injured while riding in a motor vehicle owned by the Public Body and operated by Hendrich, a county employee, when the vehicle collided with a vehicle driven by one Altman. The accident occurred on August 18, 1983. Jon filed his tort claim notice on February 9, 1984, but stated therein that the accident occurred on August 8, 1983. The notice made no mention of Jerri or her claim for loss of consortium, but was limited to Jon's claim for personal injuries; and Jerri did not file any tort claim notice of her own. However, when the suit for damages was filed on July 31, 1985, Jerri, in Count II, joined as a plaintiff in her suit for loss ot consortium.

The Public Body filed its motion for summary judgment claiming that the tort claim notice filed by Jon was defective because of the mistake in the actual date of the accident. It also claimed that Jerri is barred from bringing her suit for loss of consortium for failure to file a tort claim notice. The trial court denied the motion in both particulars.

## ISSUES

The Public Body presents two issues which, restated by us, are as follows:

I. Whether the notice submitted by Jon complied substantially with IND.CODE 34–4–16.5–9 because of the mistake in the date of the accident.

II. Whether Jerri, as a spouse, may rely upon the notice filed by Jon, or whether a spouse in a loss of consortium action must file her own tort claim notice.

## DISCUSSION AND DECISION

ISSUE I: *Sufficiency of Jon's Notice*

IND.CODE 34–4–16.5–9 requires that the tort claim notice, among other provisions, must contain a statement of the time the loss or damage occurred. Some notice is generally mandatory. *Burggrabe v. Board of Public Works of Evansville* (1984), Ind.App., 469 N.E.2d 1233, *trans. denied.* However, it has been clearly established that substantial compliance with such notice requirements is sufficient if their purpose is met by informing the officials of the public body with reasonable certainty of the accident and surrounding circumstances, so that they may investigate, determine possible liability, and prepare a defense to the claim. *Orlowski v. City of South Bend* (1985), Ind.App., 482 N.E.2d 1380; *Burggrabe, supra; Mills v. American Playground Device Co.* (1980), Ind.App., 405 N.E.2d 621, *trans. denied.* The key information is the notice of the accident, the place of the injury, and the party injured. *Burggrabe, supra; Mills, supra.* The statute is to be liberally construed as to whether the notice in fact is sufficiently definite as to the time, place, and nature of the injury. *Brown v. City of South Bend* (1971), 148 Ind.App. 436, 267 N.E.2d 400.

The Public Body relies solely upon the pre-tort claim case of *City of Fort Wayne v. Bender* (1914), 57 Ind.App. 689, 105 N.E. 949, *trans. denied*, which was decided under a former municipal notice statute. In *Bender* the court did hold that a ten-day discrepancy between the date of the accident and the date stated in the notice was fatal. The Public Body urges us to follow *Bender*.

■ The cases decided under the tort claim act have not followed such a draconian rule as that stated in *Bender*. For example, our supreme court, in *Delaware County v. Powell* (1979), 272 Ind. 82, 393 N.E.2d 190, held that there was substantial compliance where the county knew of the accident, investigated, and attempted settlement, all of which tended to lull the plaintiff into a false sense of security, even though no notice had been filed at all. *Delaware County* was followed and the same result reached in *Lawrence County Commissioners v. Chorely* (1979), Ind. App., 398 N.E.2d 694, where actual knowledge existed on the part of the county, negotiations had progressed, and suit had been filed all within the 180 days, even though no notice had been given. Defects such as failure to send the notice by registered mail and failure to state the plaintiff's address have been held not to bar a plaintiff's claim. *Burggrabe, supra*. An unverified notice is not fatal. *Aaron v. City of Tipton* (1941), 218 Ind. 227, 32 N.E.2d 88. The emphasis is whether the public body is sufficiently notified, is able to meet the claim, and is not misled. Absent a showing by the Public Body that it was prejudiced, we hold that the mistake in the date of the accident is not fatal.[1]

## ISSUE II. *Claim of Jerri*

■ Jerri gave no tort claim notice at all, and Jon's notice failed to mention her, or her claim, in any way. Loss of consortium is an independent cause of action. Though derivative in a sense, a successful suit by the injured party is not a prerequisite to recovery for loss of consortium. *Board of Commissioners of Cass County v. Nevitt* (1983), Ind.App., 448 N.E.2d 333, *trans. denied*. Failure to file the notice within 180 days of the injury bars the action. IND.CODE 34-4-16.5-7. Jerri argues that since the cause of action is derivative, her claim is not barred. She presents no authority which so holds. No Indiana case is found which addresses that issue.

The only cases that have addressed this issue are from other jurisdictions. In *Madej v. Doe* (1984), 194 N.J.Super. 580, 477 A.2d 439, it was held that notice was required to be filed by the spouse. The same result was reached in *Shelton v. Superior Court of Santa Clara County* (1976), 56 Cal.App.3d 66, 128 Cal.Rptr. 454. IND. CODE 34-4-16.5-7 provides that: "Except as provided in section 8 [34-4-16.5-8, regarding incompetent persons] a claim against a political subdivision is barred unless notice is filed ... within one hundred eighty (180) days after the loss occurs." A public body has 90 days in which it can admit the claim. IND.CODE 34-4-16.5-10. A plaintiff may not sue until the claim is denied, except where the claim is not acted upon for over 90 days. IND.CODE 34-4-16.5-10 and -12. It is clear that the identity of the claimant is essential. *See* IND. CODE 34-4-16.5-9.

■ After examining the statute and the cases, we are of the opinion that the purpose of the notice provision is to give the public body prompt notice of its exposure to liability. The names and number of claimants are essential. The name of the claimant is one of the key items of information recited in *Burggrabe, supra*. Here, until the complaint was filed, the Public Body would not know that Jerri existed, or if it did, that she contemplated filing a claim. Knowledge that the accident occurred is not sufficient. *Teague v. Boone* (1982), Ind.App., 442 N.E.2d 1119. Failure to give notice as required is fatal to the action. *Id*.

---

1. We note that if the actual date of the accident was in fact August 8, the notice would have been filed on the 185th day, and thus too late.

The Public Body makes no contention that this is the case but accepts August 18 as the date of the accident.

For the above reasons, this cause is affirmed as to Jon's claim, but is reversed as to Jerri's claim, on which the trial court is directed to enter summary judgment in favor of the Public Body.

Judgment reversed in part and affirmed in part.

RATLIFF, C.J. and MILLER, J., concur.