Betty Jane SAUDERS, Guardian of the Person and Estate of Mark J. Sowles, Appellant (Plaintiff Below),

v.

The COUNTY OF STEUBEN, State of Indiana; Lawnie M. McClelland as Sheriff of Steuben County, Indiana; Steuben County Sheriff's Department; Steuben County Board of Commissioners; Gregory W. Aldrich and Mark Klink, Employees of the Steuben County Sheriff's Department, Appellees (Defendants Below).

No. 92A03–8804–CV–115.

Court of Appeals of Indiana, Third District.

Aug. 29, 1988.

Edgar A. Grimm, Kurt Bentley Grimm, Grimm & Grimm, P.C., Auburn, for appellant.

William E. Borror, Carla J. Baird, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellees.

HOFFMAN, Judge.

Plaintiff-appellant Betty Jane Sauders, as guardian of the person and estate of Mark J. Sowles, appeals the granting of a partial summary judgment for the defendants-appellees the County of Steuben, State of Indiana; Lawnie M. McClelland as Sheriff of Steuben County, Indiana; Steuben County Sheriff's Department; Steuben County Board of Commissioners; Gregory W. Aldrich and Mark Klink, employees of the Steuben County Sheriff's Department (collectively Steuben County). One issue is raised in this interlocutory appeal: whether Sauders' notice of a tort claim sufficiently apprised Steuben County of two allegations contained within her complaint.

The facts relevant to this appeal disclose that Sauders filed a complaint against Steuben County for injuries to Mark J. Sowles after Sowles attempted suicide on April 29, 1986 while he was a detainee at the Steuben County Jail. On October 3, 1986 Sauders gave notice of a tort claim pursuant to IND.CODE § 34–4–16.5–9. The notice alleged that Sowles was arrested and incarcerated for driving while intoxicated on April 29, 1986. Further, the notice alleged that Sowles was discovered within his cell hanging in a state of unconsciousness from a strip of woolen cloth fashioned from a woolen blanket which was left in Sowles' cell. The notice claimed that Sowles sustained severe and permanent brain damage which was directly and proximately caused by Steuben County's failure to electronically or otherwise monitor Sowles.

The notice did not claim that Sowles suffered a head injury prior to his incarceration or that Steuben County, in the exercise of reasonable care, should have discovered the head injury as Sauders alleged in her complaint. Moreover, Sauders did not allege in her notice that Sowles' incarceration stemmed from a vehicular collision with a police officer or that Sowles received a blow to the head during the collision. Consequently, the trial court granted Steuben County's motion for partial summary judgment and struck the claims pertaining to those issues from Sauders' complaint.

When reviewing a summary judgment, this Court must construe all evidence in favor of the non-moving party. *Orlowski v. City of South Bend* (1985), Ind.App., 482 N.E.2d 1380, 1381. Whether a party has complied with the notice requirements of IND.CODE § 34–4–16.5–9 (1982) is a question of law to be determined by the court prior to trial. *Bd. of Aviation Com'rs v. Hestor* (1985), Ind.App., 473 N.E. 2d 151, 153.

The notice statute, IND.CODE § 34–4–16.5–9 requires:

"a short and plain statement [of] the facts on which the claim is based. The statement shall include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice."

The purpose of the notice statute is to inform a political subdivision, with reasonable certainty, of the accident and surrounding circumstances to allow investigation, determination of liability and preparation of a defense to the claim. *Burggrabe v. Board of Public Works* (1984), Ind.App., 469 N.E.2d 1233, 1235–1236. Substantial compliance with the notice statute which meets the purpose of the requirements is sufficient. *Burggrabe, supra.*

The notice submitted by Sauders, even when liberally construed, did not meet minimum requirements to substantially comply with the statute. Steuben County was not informed that Sowles' incarceration stemmed from an automobile collision. Thus, the county was not notified of the circumstances surrounding the accident and was not aware that it should investigate a claim regarding head injuries sustained by Sowles. The trial court did not err in granting a partial summary judgment in favor of Steuben County on the issues related to the automobile collision.

There being no finding of error, the trial court is affirmed.

Affirmed.

STATON and BUCHANAN, JJ., concur.